No. 25-2166

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

SUZANNE BROWN, Defendant-Appellant

v.

UNITED STATES, Plaintiff-Appellee

On Appeal from the United States District Court for the District of New Hampshire
in Case No. 1:16-cr-00021-JL, Judge Joseph Laplante

# REPLY IN SUPPORT OF EMERGENCY MOTION FOR STAY

*(Expedited Relief Requested)*

Petitioner respectfully replies to the government's "Response to Emergency Motion for Stay" (Dec. 5, 2025).

## I. Rule 8(a)(2)'s "Impracticability" Requirement Is Satisfied

The government urges the Court to deny the stay "without prejudice" on the ground that Petitioner did not first seek a stay in the district court as contemplated by Fed. R. App. P. 8(a). Gov't Stay Opp. at 1–2. It claims that her reliance on bias/impartiality concerns as a basis for "impracticability" is merely a "litigative strategy." Id. at 2. That argument ignores both the procedural posture and the record.

First, the mandamus petition itself demonstrates why moving first in the district court is impracticable. As summarized above and in the petition:

- Petitioner submitted a detailed bias/recusal affidavit in 2021 during her § 2255 proceedings; the district court did not docket those filings and later declined to recuse. Mandamus Pet. at 7–8.
- At the July 22, 2024 hearing on early termination of supervision, the judge raised Petitioner's bias concerns, asked whether she thought he could be fair, and refused to recuse after she stated she did not. Id. at 8–9.
- The court has repeatedly denied appointment of counsel and expert funds in the coram nobis proceedings despite the evident complexity of the grant-regulation, DFAP, and Brady issues. Id. at 9–13, 21–23.
- In its November 24, 2025 endorsed order, the court stated that its offer of oral argument "was … not as any sort of recognition of the complexity or potential merit of her claims." Crim. Dkt. 188.
- On December 3, 2025, the court reinstated oral argument for December 9, 2025 (Crim. Dkt. 193), and copied U.S. Probation and the U.S. Marshals Service on that order in a closed criminal case, an objectively unnecessary and intimidating step for a previously incarcerated litigant.

In this context, requiring Petitioner to ask the same judge for an emergency stay of proceedings that she contends are structurally unfair is not a meaningful "first step"; it is a formality that would almost certainly be denied in the same pattern as past requests. Rule 8(a)(2)(A)(i) is designed to avoid exactly this sort of futile exercise.

Second, timing makes district-court relief practically impossible. The December 3 order reset oral argument to December 9, 2025. Crim. Dkt. 193. Petitioner lives in rural northern New Hampshire and is pro se. She cannot realistically prepare, file, and obtain a reasoned stay ruling in the district court before the hearing occurs—particularly from a judge who has already signaled both skepticism about the merits and resistance to her structural concerns.

Under these circumstances, moving first in the district court is both impracticable and futile.

**II. The Government Does Not Address the Stay Factors**

2

The government's opposition does not address, in any meaningful way, the traditional stay factors—likelihood of success, irreparable harm, balance of equities, and public interest.

1. Likelihood of success.

    The mandamus reply above explains why Petitioner has at least a substantial likelihood of obtaining some form of supervisory relief, especially reassignment or structural instructions to the district court. The government's brief simply labels the petition "deficient on its face" and cites Da Graca, without analysis. Gov't Stay Opp. at 2.

2. Irreparable harm.

    Without a stay, Petitioner will be required to:

    - Appear pro se at a December 9, 2025 "oral argument" on a dense, record-heavy coram nobis petition involving federal grant regulations, USDA's DFAP determination, and Brady evidence tied to a now-sitting First Circuit judge;
    - Litigate before a district judge whose impartiality she has challenged since 2021 and who has twice refused to recuse after being confronted with those concerns; and
    - Proceed under the shadow of a December 3 order that unnecessarily involves U.S. Probation and the U.S. Marshals Service in a closed criminal case, reasonably intensifying her fear of custody or adverse action.

3. Those harms are not quantifiable and cannot be remedied by a later appeal. Once the judge conducts argument and potentially rules on the merits, the structural harm—the perception and reality of an unfair forum—will have occurred.

4. Balance of equities.

    A short stay imposes no concrete prejudice on the government. The coram nobis petition has been pending since December 2024; there is no claim that a brief pause would impair the government's ability to defend the conviction. By contrast, denying a stay forces an indigent, formerly incarcerated litigant to proceed in a proceeding whose fairness is in serious doubt.

5. Public interest.

   The public has a strong interest in ensuring that serious actual-innocence and Brady claims involving later-admitted agency discrimination are heard by a court whose impartiality is beyond reasonable question, and that they are litigated with the aid of counsel and necessary expert support. Proceeding with a December 9 hearing in the current posture—after the court has declared that its offer of argument is not a reflection of "complexity or potential merit," and while a mandamus petition raising structural defects is pending—would diminish rather than enhance public confidence.

The government's failure to grapple with these factors underscores why a stay is appropriate.

**III. A Limited Stay Protects This Court's Own Jurisdiction**

Finally, a stay is necessary to protect this Court's ability to grant meaningful mandamus relief. If the district court conducts argument and issues orders (or a merits decision) before this Court rules, any supervisory remedy—especially reassignment—will be complicated and may be perceived as less effective. A short stay simply preserves the status quo while the Court decides whether the underlying process is structurally sound.

**IV. Conclusion**

Petitioner has satisfied Rule 8(a)(2)(A)(i) and the traditional stay factors. The government has not shown any prejudice from a temporary pause, nor has it rebutted the substantial risk of irreparable harm. The Court should grant the emergency motion and stay all district-court proceedings relating to Petitioner's coram nobis petition—including the December 9, 2025 oral argument—pending resolution of the mandamus petition.

**Certificate of Compliance**

I certify that this reply complies with the type-volume limitation of Fed. R. App. P. 27(a)(2)(B) because it contains no more than 2,600 words, excluding the parts exempted by Fed. R. App. P. 32(f).

Dated: December 5, 2025

| | |
|---|---|
| Date: December 5, 2025 | Respectfully Submitted, |
| | */s/ Suzanne Brown*<br>114 Lake Umbagog<br>P.O. Box 253<br>Errol, NH 03579<br>(603) 828-4860<br>greatnorthwoodsfarm@gmail.com |

**Certificate of Service**

I hereby certify that on this day of December 5, 2025, a copy of the above motion was served on Acting United States Attorney Erin Creegan, via ECF.