No. 25-2166

## UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

SUZANNE BROWN, Defendant-Appellant

v.

UNITED STATES, Plaintiff-Appellee

On Appeal from the United States District Court for the District of New Hampshire

in Case No. 1:16-cr-00021-JL, Judge Joseph Laplante

## <u>REPLY IN SUPPORT OF EMERGENCY PETITION FOR WRIT OF MANDAMUS</u>

### *(Expedited Relief Requested)*

Petitioner respectfully submits this reply to the government's "Response to Emergency Petition for Writ of Mandamus" (Dec. 5, 2025).

### I. The Government Misstates What Relief Is Actually Being Sought

The government characterizes the petition as an effort to "grant her writ of coram nobis … in the first instance" and thereby bypass the district court. Gov't Mandamus Opp. at 1–2. That is incomplete.

1

The petition expressly sets out three tiers of relief:

1. Primary – direct coram nobis/coram vobis only if the Court concludes the record is complete and the law allows such relief;

2. First alternative – remand with instructions for reassignment of the coram nobis petition to a different district judge; and

3. Second alternative – supervisory directions to the district court to appoint counsel, authorize expert funds, require full authentication/provenance of the Bates-stamped Shaheen/Robinson/Malia materials, and stay further proceedings until those steps are completed. Mandamus Pet. at 1–3, 25–27 (filed Dec. 4, 2025).

The government's opposition focuses almost exclusively on the first tier and then declares that mandamus is categorically "inappropriate" to supervise appointment of counsel, expert funding, and case management. Gov't Mandamus Opp. at 4–5. That position ignores this Court's longstanding recognition that mandamus may be used in exceptional circumstances to correct structural defects and protect the integrity of the judicial process, not merely to second-guess isolated discretionary calls. See, e.g., In re Bulger, 710 F.3d 42 (1st Cir. 2013).

## II. The Government's "Adequate Means" Argument Ignores the Actual Record

The government contends that mandamus is unavailable because Petitioner has "adequate means" to obtain relief by (a) waiting for the district court to rule on coram nobis, and (b) first seeking recusal and related relief there. Gov't Mandamus Opp. at 3–4. That argument disregards the procedural history and the nature of the harm.

1. Bias and recusal were already raised in the district court.

   The petition explains that in December 2021, during her § 2255 proceedings (20-cv-170-JL), Petitioner submitted a sworn certification and affidavit alleging judicial bias and seeking recusal or disqualification. Those filings were not docketed because she still had counsel, and the court

later entered an order referencing their existence and directing that they not be docketed. See Mandamus Pet. at 7–8 (describing 20-cv-170-JL Dkts. 37, 38 and related orders). The government's assertion that Petitioner has "not yet even raised the question of recusal … since she filed [coram nobis] in December 2024" simply ignores this history. Gov't Mandamus Opp. at 4.

2. The judge revisited bias concerns in July 2024 and refused to recuse.

At the July 22, 2024 hearing on Petitioner's motion for early termination of supervision (Crim. Dkt. 142), the district judge himself raised Petitioner's prior bias concerns, asked her whether she believed he could be fair, and—after she said she did not—declined to recuse and proceeded to rule against her. See Mandamus Pet. at 8–9 (summarizing July 22, 2024 transcript cited at Crim. Dkts. 142, 147, 147-1). Under these circumstances, directing Petitioner to "raise these issues … directly with the district court" is neither realistic nor "adequate." Gov't Mandamus Opp. at 4.

3. For structural defects, post-judgment appeal is not an adequate remedy.

Mandamus is reserved for situations where later appeal cannot cure the harm. See Da Graca v. Souza, 991 F.3d 60, 64 (1st Cir. 2021). Forcing Petitioner to litigate the merits of coram nobis before a judge whose impartiality she has reasonably and repeatedly contested—including through suppressed 2021 recusal papers and the July 2024 colloquy—creates a structural defect that permeates the entire proceeding. No subsequent appeal can "un-taint" a coram nobis decision rendered under those conditions, particularly in a case involving Brady violations by a trial prosecutor who is now a judge of this Court and a later USDA finding of discrimination involving the same grants. Mandamus Pet. at 2, 9–17, 21–24.

The government treats this as if Petitioner is merely unhappy with ordinary discretionary rulings. The petition shows something far more serious: a closed loop in which the same judge has (a) suppressed and then brushed aside prior recusal allegations, (b) minimized the "complexity or potential

merit" of Petitioner's actual-innocence claims in a November 24, 2025 endorsed order (Crim. Dkt. 188), (c) repeatedly denied counsel and expert assistance despite an extensive record of unusual technical complexity, and (d) reinstated oral argument for December 9, 2025 in an order dated December 3, 2025 (Crim. Dkt. 193) that also copied U.S. Probation and the U.S. Marshals Service in a closed case. Mandamus Pet. at 1–3, 11–13, 19–23; Order for Hearing, Dec. 3, 2025 (attached as Ex. to Petitioner's filings).

That is not an "adequate means" of relief; it is precisely the procedural dead end that justifies mandamus.

**III. This Case Fits Supervisory (and at Least Advisory) Mandamus**

The government recites the high standards for mandamus but never applies them to the facts:

- Limits of judicial power / clear abuse of discretion.

    The petition raises whether a district judge may: (1) suppress a pro se recusal affidavit while counsel is still of record; (2) subsequently confront the litigant in open court with her belief he is biased, refuse to recuse, and continue to preside; and (3) insist on adjudicating a coram nobis petition that directly challenges his own prior handling of Brady and innocence issues tied to a now-sitting First Circuit judge. Mandamus Pet. at 7–10, 19–24. Those are questions about the limits of judicial power and the appearance of impartiality, not routine case management.

- Special risk of irreparable harm.

    Without intervention, Petitioner will be forced to argue coram nobis before a judge who has already stated in writing that his offer of oral argument "was … not as any sort of recognition of the complexity or potential merit of her claims," Crim. Dkt. 188, while she remains pro se and without expert funds in a record-heavy, regulation-dense case. Mandamus Pet. at 1–3, 19–23. That harm cannot be undone by a later appeal.

- Substantial public importance and recurrence.

    This case involves: (a) Brady violations and regulatory misinterpretation by a prosecutor now serving on this Court; (b) a formal USDA Discrimination Financial Assistance Program (DFAP) determination finding discrimination against Petitioner in the same grant program that underpinned her conviction (Coram Nobis Pet. Ex. D, Crim. Dkt. 174-4); and (c) a district judge who has twice refused recusal and signaled skepticism about the merits while denying basic tools for effective litigation. Mandamus Pet. at 9–17, 21–25. Those are questions of institutional integrity, not merely "error correction."

Under Da Graca and Cheney v. U.S. Dist. Ct., 542 U.S. 367 (2004), this is the rare case where supervisory mandamus is warranted. At a minimum, it justifies advisory mandamus to clarify the standards applicable when the trial judge's own conduct and prior rulings are central issues in a complex post-conviction proceeding.

**IV. The Prior Interlocutory Counsel Appeal Does Not Foreclose Mandamus**

The government notes that Petitioner's earlier appeal from the denial of counsel (No. 25-2189) was dismissed and asserts she "cannot now seek relief via mandamus" that she was "precluded from obtaining on her direct appeal." Gov't Mandamus Opp. at 5. That argument fails for two reasons.

First, circumstances have materially changed since that interlocutory appeal:

- USDA has now issued the DFAP determination formally finding discrimination against Petitioner. Coram Nobis Pet. Ex. D (Crim. Dkt. 174-4).
- The district court has since denied reconsideration of counsel and expert funds, and in its November 24, 2025 order expressly disclaimed any recognition of complexity or potential merit in the very coram nobis claims at issue. Crim. Dkt. 185, 186, 188.

- The December 3, 2025 order reinstating oral argument not only moves forward toward a merits proceeding but also copies U.S. Probation and the U.S. Marshals Service—an unnecessary and intimidating step for a formerly incarcerated litigant in a closed case. Crim. Dkt. 193.

Second, the mandamus petition is not simply a renewed request for counsel. It challenges a *pattern* of actions—suppressed recusal filings, the July 2024 colloquy, repeated denials of counsel and expert funds, the November 24 and December 3 orders, and the treatment of Brady/authentication issues—that together create a structural problem. Mandamus is designed to address precisely this type of cumulative abuse of discretion and impairment of public confidence, even where individual rulings might once have been treated as ordinary exercises of discretion.

## V. Conclusion

The government's opposition does not meaningfully grapple with the actual record or the specific mandamus theories presented. Petitioner has shown: (1) a lack of adequate alternative means of relief; (2) a clear and indisputable right to, at minimum, an impartial tribunal and minimally adequate tools (counsel, expert assistance, and a complete Brady/authentication record) in a highly complex coram nobis proceeding; and (3) exceptional circumstances warranting supervisory intervention.

The Court should grant the petition. At a minimum, it should (1) direct reassignment of the coram nobis petition to a different district judge, and (2) issue mandamus directing the district court to appoint counsel, authorize expert funds, require full authentication and provenance discovery regarding the Shaheen/Robinson/Malia packet, and stay merits proceedings until those steps are completed.

Date: December 5, 2025                    Respectfully Submitted,



*/s/ Suzanne Brown*

114 Lake Umbagog

P.O. Box 253

Errol, NH 03579

(603) 828-4860

greatnorthwoodsfarm@gmail.com



**Certificate of Compliance**

I certify that this reply complies with the type-volume limitation of Fed. R. App. P. 27(a)(2)(B) because

it contains no more than 2,600 words, excluding the parts exempted by Fed. R. App. P. 32(f).

Dated: December 5, 2025



**<u>Certificate of Service</u>**


I hereby certify that on this day of December 5, 2025, a copy of the above motion was served on

Acting United States Attorney Erin Creegan, via ECF.