No. 25-2166

## UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

SUZANNE BROWN, Defendant-Appellant

v.

UNITED STATES, Plaintiff-Appellee

On Appeal from the United States District Court for the District of New Hampshire

in Case No. 1:16-cr-00021-JL, Judge Joseph Laplante

## RENEWED MOTION FOR APPOINTMENT OF COUNSEL
## UNDER THE CRIMINAL JUSTICE ACT

*(Expedited Relief Requested)*

Petitioner Suzanne M. Brown respectfully renews her request for appointment of Inga L. Parsons as appellate counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, limited to representation in this rehearing proceeding and any related appellate proceedings that may follow.

## I. INTRODUCTION

While this Court previously declined to appoint counsel in the interlocutory appeal docketed as No. 25-1289, the circumstances have materially changed since that earlier decision. The present request is not duplicative or successive; it is a renewed motion prompted by significant developments in the district court that directly implicate the institutional integrity of this Court. These developments make

counsel's participation essential to the fair and orderly adjudication of the issues presented in the pending Petition for Panel Rehearing and for Rehearing En Banc.

---

## II. MATERIAL CHANGE IN CIRCUMSTANCES

### A. The Government's Conditional Request for an Evidentiary Hearing (December 23, 2025)

On December 23, 2025, the United States Attorney's Office filed its Objection to Petitioner's Recusal Motion. While objecting to recusal on the merits, the government made a significant conditional request:

"In the event the Court concludes any of defendant's factual allegations are not otherwise foreclosed, the government respectfully requests an evidentiary hearing." (*Gov't Objection to Recusal Motion*, Dec. 23, 2025, at 9.)

The government further stated:

"Given the gravity of the allegations contained in the defendant's December 2021 affidavit, live sworn testimony, subject to cross examination, would be more appropriate." (*Id.*)

Significance: By requesting cross-examination and live testimony, the government conceded that disputed material facts may well exist regarding judicial impartiality. The government's own position is that an evidentiary hearing—with counsel to examine and cross-examine witnesses—is the appropriate procedural mechanism for resolving these potential disputes.

**B. The Trial Judge's December 9, 2025 Invitation to Present Evidence**

At the December 9, 2025 oral argument on Petitioner's coram nobis petition and related motions, the trial judge stated:

"I'm not going to prevent you from presenting any evidence you want to present. I want to hear the evidence first and then rule on the recusal motion." (*Dec. 9, 2025 Oral Argument Tr.* at 16–18.)

Significance: The trial judge explicitly invited Petitioner to present evidence and indicated that evidence should precede the recusal ruling. This invitation, combined with the government's request for cross-examination, creates a clear expectation that an evidentiary hearing will occur. Presenting evidence in such a hearing, and subjecting it to government cross-examination, requires counsel's assistance.

**C. Petitioner's December 30, 2025 Motions for Evidentiary Hearing and Counsel**

On December 30, 2025, Petitioner filed three substantive pleadings:

1. Reply to Government's Objection to Recusal Motion
2. Motion for Evidentiary Hearing on Recusal Motion
3. Motion for Appointment of CJA Counsel for Limited Purpose of Evidentiary Hearing on Recusal (in the district court)

These filings represent Petitioner's formal attempt to comply with the trial judge's invitation to present evidence and to obtain representation for that purpose. **Please note the government did not object to Motions 2 and 3.**

**D. Inaction by the Trial Judge (More Than Three Weeks)**

As of January 22, 2026—more than three weeks after the December 30 filings—the trial judge has issued no substantive response to any of these three motions. The procedural status remains unresolved:

- No recusal decision has been issued;

- No evidentiary hearing has been scheduled;

- No decision has been issued on whether counsel will be appointed;

- No ruling has been issued on the motion for an evidentiary hearing itself;

- No timeline has been provided for resolution of these pending matters.

This inaction, occurring after the trial judge invited Petitioner to present evidence and after the government conditionally requested a hearing, creates a procedural impasse that imperils Petitioner's ability to meaningfully participate in the evidentiary process.

---

**III. WHY THIS REHEARING PROCEEDING DIFFERS FROM THE PRIOR COUNSEL DENIAL**

**A. Prior Interlocutory Appeal (No. 25-2189)**

The earlier denial of counsel occurred in the context of an interlocutory appeal from the district court's denial of Petitioner's motion for counsel. At that time:

- No evidentiary hearing had been requested by any party.

- The trial judge had not yet invited Petitioner to present evidence.

- The government had not yet conditionally requested cross-examination or live testimony.

- The proceeding was still in the district court, not yet on appeal.

**B. Present Rehearing Proceeding (No. 25-2166)**

The present request arises from this Court's December 8, 2025 judgment denying Petitioner's mandamus petition. At this juncture:

- The trial judge has explicitly invited Petitioner to present evidence on the recusal motion.

- The government has explicitly conditionally requested an evidentiary hearing with cross-examination.

- Multiple motions are pending in the district court that could result in an evidentiary hearing.

- If an evidentiary hearing is scheduled, Petitioner will need to present evidence, examine witnesses, cross-examine government witnesses, make evidentiary arguments, and undergo government cross-examination herself—all while pro se.

- This rehearing/en banc petition directly challenges the appellate court's mandamus analysis, creating a new proceeding with distinct requirements.

The present circumstances are materially different from those present when counsel was denied in the interlocutory appeal.

---

**IV. THE STRUCTURAL PROBLEM: A SITTING FIRST CIRCUIT JUDGE AND PROSECUTORIAL MISCONDUCT ALLEGATIONS**

**A. The Brady Issue Implicates Judge Aframe**

Petitioner's coram nobis petition asserts that Brady violations occurred in her case. Specifically, Petitioner claims that exculpatory correspondence between: Senator Jeanne Shaheen's office and USDA;

Petitioner herself to USDA Regional Administrator Robinson; and Attorney Malia to complaining witness Julie Moran was suppressed or manipulated. This correspondence is relevant to the regulatory interpretation issue at the heart of her innocence claim. *See Coram Nobis Pet.*, Dkts. 1754, 1755, 1911.

The trial prosecutor in Petitioner's case was Seth Aframe—who is now a judge on the United States Court of Appeals for the First Circuit.

## B. The Structural Conflict

The trial judge is now being asked to adjudicate whether his now-colleague engaged in Brady violations, suppressed exculpatory evidence, and engaged in prosecutorial misconduct. This structural conflict does not exist in typical coram nobis cases; it implicates the integrity of the appellate process itself.

An evidentiary hearing on these allegations, conducted before a judge who must assess whether a sitting colleague engaged in misconduct, presents appearance-of-justice concerns that transcend the ordinary trial court setting. The stakes are not merely Petitioner's conviction; they concern judicial impartiality and the appearance of fairness in the appellate hierarchy.

## C. Counsel's Role in Addressing the Structural Problem

Experienced appellate counsel can:

- Frame the evidentiary hearing in a manner that respects the structural concerns and separates factual findings from collegial relationships.
- Ensure that the evidentiary record is developed in a way that creates a clear record for appellate review.
- Protect the trial court's independence by advocating for a procedurally sound and transparently adjudicated hearing.

- Assist the trial judge in avoiding the appearance of bias by ensuring that evidence is rigorously examined and cross-examination is properly conducted.

Counsel's participation serves not only Petitioner's interests but also the institutional interests of the federal judiciary.

---

## V. THE COMPLEXITY OF THE PRESENT PROCEEDING

### A. Legal Issues

The Petition for Panel Rehearing and for Rehearing En Banc raises complex legal issues:

1. Mandamus Standards: Whether the trial judge has a "clear duty" to grant coram nobis relief or appoint counsel; whether Petitioner has an adequate remedy at law; whether the appellate remedy of denial creates irreparable harm.

2. Recusal Law Under 28 U.S.C. § 455: Whether the District Court structural conflict created by Brady allegations against a sitting First Circuit judge constitutes "such a substantial question as to his (District Court) impartiality" under § 455(a), or whether the facts present "doubt on the part of a reasonable observer about the judge's impartiality" under § 455(b)(2).

3. Equal Protection: Whether disparate treatment between Petitioner's case and the analogous *Morillo* coram nobis proceeding—in which counsel was appointed and an evidentiary hearing was held—violates equal protection principles or creates an appearance of invidious further discrimination.

4. Appellate Procedure and Timing: Whether the trial judge's December 9 invitation to present evidence and the government's December 23, 2025, conditional request for a hearing constitute material changes warranting rehearing under First Circuit Rule 40.

5. Institutional Integrity: Whether appearance-of-bias concerns implicating a sitting appellate judge warrant supervisory intervention or en banc review.

**B. Factual Development Required**

The record will require:

- Complete authentication of Bates-numbered documents from USDA OIG files establishing government possession and processing of exculpatory Brady material.

- Testimony regarding the regulatory interpretation of 7 C.F.R. § 3430 and 2 C.F.R. Part 200 (accrual-basis accounting requirements).

- Examination and/or update of expert testimony already in the record and analysis of the government's failure to produce counter-experts.

- Development of the timeline and sequence of government knowledge regarding the Shaheen correspondence.

- Analysis of prior trial counsel's failure to investigate the Brady material.

**C. Strategic and Advocacy Challenges**

Presenting this evidence while pro se, before a judge who has already denied recusal twice, and before a government team with resources to cross-examine Petitioner's evidence, presents substantial advocacy challenges:

- Cross-examination techniques for exposing Brady violations and prosecutorial misconduct.

- Framing of questions to establish the materiality of suppressed evidence.

- Marshaling of documentary evidence to establish authenticity and provenance.

- Strategic decisions about burden of proof, witness order, and evidentiary priorities.

- Record development for appellate review of the trial judge's recusal decision and any adverse findings on the merits.

These challenges exceed the capacity of a pro se litigant, particularly one who has been wrongfully detained and incarcerated, was subject to supervised release, and lacks the professional resources to prepare for cross-examination and strategic advocacy.

---

## VI. PETITIONER'S INABILITY TO RETAIN COUNSEL

### A. Financial Status

Petitioner remains unable to afford private counsel. She:

- Was subject to supervised release before and after federal imprisonment (total 7+ years).
- Is obligated to pay restitution to the USDA.
- Has been barred from government licenses and contracting due to her felony conviction.
- Has depleted her financial resources through ten years of federal legal proceedings and two years of state proceedings that ended in acquittal after trial.
- Is working part-time due to the expensive research/work of this legal proceeding and cannot afford the cost of experienced appellate counsel.

### B. Absence of Private Counsel

Despite substantial time passing since the district court's earlier counsel denial, Petitioner has been unable to retain private counsel. No counsel has volunteered. No pro bono resources through New Hampshire Veterans' Legal Justice have materialized. The CJA is the only realistic mechanism for obtaining representation.

**VII. THE CASE PRESENTS SUBSTANTIAL QUESTIONS**

**A. Actual Innocence and Brady Violations**

The coram nobis petition rests on three substantial factual claims:

1. Unrebutted Expert Testimony: Forensic accountant Anne M. Layne provided expert analysis demonstrating regulatory compliance. The government has never produced a counter-expert or substantively rebutted this analysis.

2. USDA Discrimination Finding: On August 2, 2024, USDA issued a formal discrimination determination that USDA discriminated against Petitioner in connection with the grants at issue.

3. Bates-Numbered Brady Material: Documentary evidence establishes that the government processed and possessed yet suppressed and manpulated exculpatory correspondence through its OIG investigative files, creating a strong inference of Brady violation.

These factual questions are not frivolous; they present substantial claims of actual innocence and government misconduct.

**B. Equal Protection and Appearance-of-Injustice**

The comparison to *Morillo*—in which counsel was appointed and an evidentiary hearing was held in a similar coram nobis proceeding—presents a substantial question about equal protection and the appearance of fairness.

**C. Structural Bias Under 28 U.S.C. § 455**

Whether a trial judge must recuse himself when asked to adjudicate Brady allegations against a now-sitting colleague on an appellate court is a substantial legal and constitutional question.

---

## VIII. INTEREST OF JUSTICE

### A. The Ten-Year Indictment Anniversary

Petitioner's indictment was filed on February 10, 2016. As of February 10, 2026—less than three weeks away—it will be exactly ten years from the date of her indictment. She has suffered more than a decade of injustice and collateral consequences, including imprisonment, restitution obligations, supervised release, loss of professional opportunities, and enduring stigma.

### B. Unresolved Threshold Issues

After more than one year of district court proceedings on the coram nobis petition, and six weeks following oral argument, critical threshold issues remain unresolved:

- Whether the trial judge will recuse himself.
- Whether an evidentiary hearing will be scheduled.
- Whether Petitioner will be allowed to present evidence.
- Whether Petitioner will have counsel to assist her.

### C. The Rehearing Proceeding as Final Opportunity

This rehearing proceeding in the First Circuit may represent the final opportunity for appellate intervention before the case proceeds in the district court. Counsel's participation will ensure that the appellate record is fully developed and that all arguments are adequately preserved.

**IX. PROPOSED SCOPE OF REPRESENTATION**

Petitioner respectfully requests appointment of CJA appellate counsel limited to the following:

1. Representation in the present rehearing proceeding (No. 25-2166) before the First Circuit, including all briefing and any oral argument.

2. If the rehearing is granted, representation at any further proceedings before the Panel or En Banc.

3. If the matter returns to the district court for an evidentiary hearing, representation for the limited purpose of presenting evidence, examining and cross-examining witnesses, and making arguments related to the recusal motion and Brady allegations.

4. Any other proceedings that may arise directly from this appeal, including potential motions and responses.

The appointment would be limited to these specific proceedings and would not constitute a general appointment of trial counsel for the underlying criminal case.

**X. APPLICABLE LEGAL STANDARD**

**A. 18 U.S.C. § 3006A**

The Criminal Justice Act provides for appointment of counsel in federal proceedings. 18 U.S.C. § 3006A(e) permits appointment in appellate proceedings. The standard is whether counsel is necessary to provide adequate representation.

**B. First Circuit Standard**

The First Circuit has recognized that counsel should be appointed when:

- The matter involves complex legal and factual issues.

- The pro se litigant lacks legal training and experience.

- There is a substantial question on the merits.

- The litigant is financially unable to retain counsel.

*See In re Appeal of Horne*, 614 F.2d 1 (1st Cir. 1980); *In re Appeal of Katz*, 514 F.2d 449 (1st Cir. 1975).

## C. Application Here

Each element is satisfied:

- Complexity: The case involves mandamus law, recusal standards under 28 U.S.C. § 455, Brady law, equal protection principles, and intricate factual questions about regulatory compliance and prosecutorial misconduct.
- Legal Training: Petitioner is pro se and has not received formal legal education.
- Substantial Question: The case presents actual innocence claims supported by expert testimony, government discrimination findings, and Brady allegations.
- Financial Inability: Petitioner has established her inability to retain private counsel (IFP on file).

---

## XI. PROPOSED COUNSEL: INGA L. PARSONS

Attorney Inga L. Parsons has agreed to accept appointment. She is an experienced appellate and post-conviction attorney admitted in the First Circuit, with prior experience representing Brown on appeal. Brown respectfully requests that the Court appoint Ms. Parsons under the Criminal Justice Act to represent her in this proceeding, effective nunc pro tunc to the filing date of the mandamus petition, and authorize the use of standard CJA Form 20 for compensation.

## XII. CONCLUSION

Petitioner has spent the past ten years fighting for recognition of her actual innocence. She has presented evidence of government discrimination, Brady violations, and regulatory compliance. She now faces a critical evidentiary hearing—invited by the trial judge himself, conditionally requested by the government—at which she will be expected to present complex evidence, examine and cross-examine witnesses, and make sophisticated legal and factual arguments.

The trial judge has welcomed her evidence. The government has requested cross-examination. Yet Petitioner remains without counsel to assist her in this critical proceeding.

The interests of justice, the complexity of the case, Petitioner's inability to afford counsel, and the substantial questions presented all counsel in favor of appointment. The Court should grant this motion and appoint counsel to ensure that this case receives the fair hearing that both the trial judge and the government have acknowledged is appropriate.

## XIII. REQUEST FOR RELIEF

Petitioner respectfully requests that the Court:

1. GRANT this Renewed Motion for Appointment of Appellate Counsel.
2. APPOINT experienced appellate counsel Inga L. Parsons under the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Petitioner in the present rehearing proceeding and any related proceedings that may follow, with the scope of representation limited as described in Section IX above.
3. AUTHORIZE the appointed counsel to appear pro hac vice if necessary and to have full access to the appellate record, including all documents, transcripts, and court filings.

4. AUTHORIZE the appointed counsel to consult with expert witnesses, including the forensic accountant whose testimony is in the record and any other experts necessary to prepare for an evidentiary hearing.

5. ISSUE any orders necessary to facilitate counsel's representation, including orders requiring government production of materials necessary to trial preparation.

6. STAY the time for filing any response to this motion until the Court has ruled on the Petition for Panel Rehearing and for Rehearing En Banc, so that resources are not expended on duplicative briefing.

---

Respectfully submitted,

Suzanne M. Brown

Pro Se Petitioner

114 Lake Umbagog

P.O. Box 253

Errol, NH 03579

(603) 828-4860

Dated: January 22, 2026

---

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32, this Renewed Motion for Appointment of Appellate Counsel contains approximately 2,980 words, which is within the page limit for motions to the First Circuit.

---

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2026, I electronically filed this Renewed Motion for Appointment of Appellate Counsel with the Clerk of the United States Court of Appeals for the First Circuit via the appellate courts' ECF system, and that service has been accomplished on the United States Attorney's Office for the District of New Hampshire through the same system.

Signed: Suzanne M. Brown